IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAVEL HICKS,

    Plaintiff,

v.                                              Civil Action No. 5:13CV140
                                                      (STAMP)

CECELIA JANISZEWSKI,
Medical Administrator,
Northern Regional Jail
and JOHN DOE, Doctor,
Northern Regional Jail,

    Defendants.[1]


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

    I.    Background

The pro se[2] plaintiff, Lavel Hicks, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim based on the defendants' alleged indifference to his serious medical needs. The plaintiff asserts that on or about July 16, 2012,[3] while incarcerated at the Northern Regional Jail in

---

[1]The memorandum in support of the plaintiff's complaint refers also to a defendant Spencer. The plaintiff, however, has not named Spencer as a defendant in this case, and thus as the magistrate judge indicates in his report and recommendation, no claims against Spencer will be given review.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[3]As the magistrate judge indicates in his report and recommendation, the more likely date of injury was August 24, 25, or 26, 2012 based on the administrative remedies attached to his complaint.

Moundsville, West Virginia, he broke his right hand. The plaintiff states that other than an x-ray of his hand confirming the fracture, the defendants denied him any immediate treatment for this injury, including medication to relieve his pain. The plaintiff asserts that it was not until late September 2012 when he was seen by a doctor. By this time, the plaintiff contends that his hand had healed in a awkward position and it had to be surgically re-broken and repaired with pins. After the surgery, the plaintiff states that the deliberate indifference to his medical needs continued when the defendants refused to return him to the doctor for cast and pin removal in accordance with the doctor's instruction. The plaintiff asserts that this post-surgical deliberate indifference resulted in the deformity of his hand.

In response to the plaintiff's complaint, the defendants filed a motion to dismiss, in which they argue that the plaintiff's complaint should be dismissed because the plaintiff failed to state a viable deliberate indifference claim, he failed to comply with the West Virginia Medical Professional Liability Act ("MPLA"), and the defendants are entitled to good faith qualified immunity. The plaintiff filed a response in opposition to this motion to dismiss and a motion for summary judgment. The plaintiff asserts that he is not required to comply with the MPLA, and he attempts to refute the defendants' argument that he did not state a claim for

2

deliberate indifference. The plaintiff further requests that this Court make findings in accordance with granting summary judgment in his favor and finding the defendants liable for their alleged deliberate indifference. The plaintiff concludes by indicating that he is unable to specify the amount of his requested monetary damages, but he asserts that upon seeing an independent doctor to assess his injury, he will be able to do so.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation. Magistrate Judge Seibert issued a report and recommendation recommending that the defendants' motion to dismiss be denied and the defendants be made to respond to the plaintiff's allegations. The magistrate judge also recommended that the plaintiff's motion for summary judgment should be denied without prejudice at this time. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. The defendants filed objections to the report and recommendation. The plaintiff filed a request for leave to conduct discovery and a motion to extend time for service.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Because the defendants have filed timely objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

A. Sufficiency of Plaintiff's Deliberate Indifference Claim

The plaintiff asserts that defendant Cecelia Janiszewski ("Janiszewski") and defendant Dr. John Doe violated his constitutional rights by being deliberately indifferent to his medical needs. A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990),

4

cert. denied, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious" and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Id. at 303. In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Seibert recommends that the Eighth Amendment claims alleging deliberate indifference against both defendant Janiszewski and defendant Dr. John Doe should not be dismissed based on the defendants' argument that the plaintiff's assertions fail to state a claim upon which relief can be granted. As to defendant Janiszewski, the magistrate judge found that the

plaintiff's allegations suffice to establish that plaintiff's fractured hand was a sufficiently serious medical need because it was one that was both diagnosed by a physician mandating treatment and so obvious that even a lay person would recognize the need for a doctor's attention. The magistrate judge further found that, based on the record before him, defendant Janiszewski acted with a sufficiently culpable state of mind. Specifically, the magistrate judge found that the treatment, or lack thereof, was so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.

The defendants objected to this finding, arguing that care was provided to the plaintiff and Janiszewski's actions did not amount to deliberate indifference. Specifically, they assert that an x-ray was taken and he was provided an ice pack for his hand after he complained to the medical department at the jail on August 24, 2012. The defendants assert, however, that because he had a standing prescription for a pain medication to be given twice a day, no additional pain medication was provided. The defendants further state that a consultation with an outside physician was scheduled but, due to the orthopedic specialist's busy schedule, she was unable to see the plaintiff until September 17, 2012. After the consultation, the defendants state that surgery was performed on September 20, 2012 and, after the surgery, the plaintiff was provided with ice and pain medication. The

6

defendants admit that there was some delay with having the plaintiff return for the pin removal due to problems with transportation from the jail. When the pins were removed on January 17, 2013, however, the defendants assert that the doctor did not note anything that would indicate that the plaintiff's hand would heal improperly based on the delay in the removal. Thus, based on these facts, the defendants argue that the magistrate judge's finding concerning deliberate indifference is incorrect.

This Court, however, agrees with the magistrate judge's finding concerning the defendants' motion to dismiss for failure to adequately plead a claim for deliberate indifference. First, the defendants failed to provide the dates and information regarding the plaintiff's treatment in their motion to dismiss that they have now provided through their objections, including the dates of the surgery and pin removal. Instead, in their motion to dismiss, the defendants contend that there was only a "few days" delay in treatment and the plaintiff's complaint only constituted a disagreement over appropriate medical care. These allegations were not supported by the record when the magistrate judge reviewed the motion to dismiss.

Based on the record before the magistrate judge, specifically the complaint and the documents that the plaintiff provided with the complaint, after the x-ray of the plaintiff's hand, treatment was not provided for over a month. In <u>Loe v. Armistead</u>, 582 F.2d

1291 (4th Cir. 1978), the United States Court of Appeals for the Fourth Circuit found that a 22-hour delay in treatment of a broken arm may constitute deliberate indifference. In <u>Loe</u>, the plaintiff injured his arm in the morning and was immediately taken to the infirmary where he was given pain medication. <u>Id.</u> at 1292. An x-ray was not taken of Loe's arm until 9:00 p.m. that night, and he was not transported to a hospital until 8:30 a.m. the next morning for further treatment. <u>Id.</u> at 1292-93. Based on these facts, the Fourth Circuit found that the defendants may have been deliberately indifferent to the plaintiff's medical condition and, therefore, the court found that dismissal under Rule 12(b)(6) was not proper. <u>Id.</u> at 1296. Here, the plaintiff alleged that treatment for his hand was not provided for over a month, which is substantially longer than the 22-hour delay in <u>Loe</u>. While the defendants now take issue with the time frame provided by the plaintiff, taking the facts as alleged by the plaintiff as true and viewing the complaint in the light most favorable to the plaintiff, it is clear that based on applicable case law, the plaintiff has stated a plausible claim for deliberate indifference. Accordingly, this Court finds that the plaintiff adequately plead his claim for deliberate indifference against Janiszewski, and any arguments to the contrary in the motion to dismiss are without merit based on the record at that time.

As to the arguments made in the objections concerning the plaintiff's treatment that were not raised in the motion to dismiss and that did not rely on documents included with the pleadings, those arguments must be made in a separate pleading. This will provide the plaintiff with an adequate opportunity to respond to the arguments. Raising such arguments and providing supporting documents for the first time through objections to the report and recommendation is not the proper method of asserting the arguments.

Magistrate Judge Seibert also found that the plaintiff sufficiently plead his claim for deliberate indifference against defendant Dr. John Doe. Specifically, the magistrate judge stated that the plaintiff's allegations that defendant Dr. John Doe failed to provide him with pain relief and failed to inform or direct prison officials to take him to receive needed outside emergency care was sufficient to state a claim for deliberate indifference. The defendants do not seem to object to this finding in the report and recommendation, and this Court finds no clear error in this finding.

The magistrate judge, however, also recognized in his report and recommendation that defendant Dr. John Doe had not yet been served the summons and complaint because the plaintiff has not yet identified him. As a result, the magistrate judge recommended that if the defendants do not waive the affirmative defense of failure to effectuate service of process, that the plaintiff be given an

additional 30 days to respond. In their objections to the report and recommendation, the defendants state that they wish to assert their affirmative defense for failure to effectuate service on defendant Dr. John Doe, and they assert that this requires the dismissal of any claims against him. This Court construes this argument as an objection to the magistrate judge's recommendation that more time be provided for service of process. For the reasons more fully stated below in addressing plaintiff's motion for an extension of time for service, however, this Court agrees with the magistrate judge's recommendation that an extension should be granted to identify and effectuate service of process on the unidentified defendant. Accordingly, the defendants' objection is overruled.

B.  Qualified Immunity

In their motion to dismiss, the defendants also assert that they are entitled to qualified immunity and, therefore, this Court should dismiss the plaintiff's claims. Under Saucier v. Katz, 533 U.S. 194, 201 (2001), analysis of a qualified immunity defense requires a two-part inquiry. The first question is whether the facts alleged, when viewed in the light most favorable to the injured party, "show the officer's conduct violated a constitutional right." Id. If the facts alleged fail to make this showing, the inquiry is at an end, and the official is entitled to dismissal of the claims against him. Id. If, however, the facts

alleged do show a constitutional injury, the second question is whether the constitutional right was clearly established at the time of the violation. Id. Qualified immunity is abrogated only upon a showing that the officer's conduct violated a constitutional right and that such right was clearly established at the time the conduct occurred. Id.

The magistrate judge found that based on the facts alleged by the plaintiff, the defendants' actions appear to have violated a clearly established statutory or constitutional right of which a reasonable person would have known, which renders qualified immunity unavailable. The defendants object to this finding by stating that based on the affidavit and medical records attached to their objections, defendant Janiszewski has not violated a clearly established statutory or constitutional right of which a reasonable person would have known. Thus, the defendants are again relying on information and arguments not provided in their motion to dismiss.

A constitutional violation concern is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F. Supp. 2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F .3d 158, 162

11

(2d Cir. 2003)). This is a clearly established constitutional right, and is the right asserted to be violated by the plaintiff. Further, as stated above, the plaintiff sufficiently plead a claim for deliberate indifference to medical needs. Accordingly, based on the pleadings as they stood at the time of the motion to dismiss, the defendants are not entitled to a qualified immunity defense. Any arguments based on additional information provided with the defendants' objections must be asserted in a separate pleading, which will provide the plaintiff with an opportunity to adequately respond.

C.  <u>West Virginia Medical Professional Liability Act</u>

The defendants in their motion to dismiss included an argument that to the extent the plaintiff is claiming negligence in his care, the plaintiff's cause of action is covered by the West Virginia MPLA. The defendants assert that the plaintiff has failed to comply with the MPLA and, therefore, the plaintiff's claims must be dismissed. The magistrate judge did not address this argument in the report and recommendation; therefore, this Court will now review the argument <u>de novo</u>.

To prove a medical negligence claim in West Virginia, the plaintiff must establish that:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and

>     (b) such failure was a proximate cause of the injury or
>     death.

W. Va. Code § 55-7B-3. Expert testimony is required if the medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and whether the health care provider was the proximate cause of the plaintiff's injuries. <u>Banfi v. Am. Hosp. for Rehab.</u>, 529 S.E.2d 600, 605-06 (W. Va. 2000). Moreover, West Virginia Code § 55-7B-6 sets forth certain requirements that must be met before a health care provider may be sued. Compliance with the requirements of West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court for medical negligence. <u>Stanley v. United States</u>, 321 F. Supp. 2d 805, 806-07 (N.D. W. Va. 2004).

In this instance, the plaintiff asserts that he is not bringing a claim for medical negligence, but he is instead bringing a claim for a violation of his constitutional rights based on a deliberate indifference to his medical needs. Therefore, the plaintiff asserts that he need not comply with the MPLA's requirements. In response to this argument, the defendants assert that the plaintiff's claims are similar to those made by plaintiffs in other cases where courts have found that compliance with the MPLA is mandatory. This Court finds such argument to be without merit, as the MPLA does not apply to constitutional violation claims like the claim brought by the plaintiff.

The plaintiff cites <u>Gaylor v. Dagher</u>, No. 2:10-cv-00258, 2011 WL 482834 (S.D. W. Va. Jan. 14, 2011), and <u>Motto v. Correctional</u>

13

Medical Services, No. 5:06-00163, 2007 WL 2897866 (S.D. W. Va. Aug. 27, 2007), for the proposition that plaintiff's claims must be dismissed for his failure to comply with the MPLA. Plaintiff's case, however, is clearly distinguishable from the circumstances presented in both of the cases cited by the defendants. In Gaylor, the plaintiff brought claims for both medical negligence and for Eighth Amendment violations. The court found that the plaintiff was required to comply with the MPLA as to his medical negligence claim, which was brought under state law, but the MPLA was not applicable to his Eighth Amendment claim. Id. at 11. In making this finding, the Court noted that the MPLA is not applicable to the plaintiff's claim based on a constitutional violation "because state substantive and procedural law have no application in a cause of action based solely on a federal question." Id. (citations omitted). In Moto, the court does not mention the MPLA's applicability to the plaintiff's claims for Eighth Amendment violations, but instead only discusses the MPLA in relation to the plaintiff's medical negligence claims. See id. at 9-11. As to the medical negligence claims, the magistrate judge in Moto found that the MPLA was applicable and recommended that the claims be dismissed for the failure to comply with the provision. Id. at 12.

In the instant case, the plaintiff does not assert claims for medical negligence. Instead, as the plaintiff noted in his response to the motion to dismiss, he has made a claim for

14

deliberate indifference to medical needs, which is a claim based on a violation of his Eighth Amendment rights. This is a federal question claim and, therefore, the West Virginia MPLA is inapplicable. See Gaylor, 2011 WL 482834 at 11 ("Despite Defendant's assertions, the pre-filing requirements of the MPLA have no application to an inmate's alleged violation of his rights under the Eighth Amendment based upon a claim of deliberate indifference to a serious medical need, because state substantive and procedural law have no application in a cause of action based solely on a federal question."). Accordingly, this Court cannot dismiss the plaintiff's claim based on his failure to comply with the MPLA, when compliance is not required for his claim.

D. Plaintiff's Motion to Extend Time for Service of Process

After the magistrate judge entered his report and recommendation in this matter, the plaintiff filed a motion to extend time for service of process on defendant Dr. John Doe. In support of his motion, the plaintiff asserts that because he does not have the Internet nor any other means to determine the actual name of the doctor working at the Northern Regional Jail during the relevant time period, he must conduct discovery in order to determine the doctor's identity. The magistrate judge recommended in his report and recommendation that the plaintiff be provided with an extension to identify Dr. John Doe and effectuate service. The defendants seem to object to this recommendation by stating

15

that they wish to assert the defense of failure to effectuate process.

Federal Rule of Civil Procedure 4(c)(1) provides that the plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time requirements set forth under Rule 4(m). Rule 4(m), in turn, states that a plaintiff has a 120-day period after the filing of the complaint to effect service. A court, however, must extend the time for service where a plaintiff who has failed to effect service within the prescribed 120-day period after the filing of the complaint shows good cause for such failure. Fed. R. Civ. P. 4(m).

This Court finds that the plaintiff has shown good cause for an extension. The plaintiff in this matter is appearing pro se and is currently incarcerated. As a result, his access to information is limited. Further, as this Court has concluded that the plaintiff's claims will not be dismissed at this time, discovery should proceed in this matter. During discovery, the plaintiff will have the opportunity to acquire the necessary information from the defendants in order to identify defendant Dr. John Doe and effectuate service of process. Accordingly, this Court grants the plaintiff's request for an extension, and provides the plaintiff with an additional 90 days from the date of receipt of this order to effectuate service of process.

IV. Conclusion

For the reasons stated above, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the defendants' motion to dismiss (ECF No. 19) is DENIED and the plaintiff's motion for summary judgment included in his response to the motion to dismiss (ECF No. 22) is DENIED WITHOUT PREJUDICE.[4] Further, the plaintiff's motion to extend time for service of process (ECF No. 36) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record.

DATED: June 19, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[4]This Court notes that the motion for summary judgment was filed prematurely in this matter. The record does provide sufficient evidence for this Court to make a finding that no genuine issue of material fact exists. Accordingly, after further discovery in this matter, the plaintiff may re-file his motion for summary judgment with additional evidence of his claims. The Court will at that time determine whether or not summary judgment is appropriate.