IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAVEL HICKS,

    Plaintiff,

v.                                        Civil Action No. 5:13CV140
                                                        (STAMP)

CECELIA JANISZEWSKI,
Medical Administrator,
Northern Regional Jail,
JOHN DOE, Doctor,
Northern Regional Jail,
JERRY HAHN, M.D., Doctor
and JAMES SPENCER,
Jail Administrator,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
DENYING CERTAIN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MOTION TO STRIKE AND
SCHEDULING STATUS AND SCHEDULING CONFERENCE</u>**

I. <u>Procedural History</u>

The plaintiff, a state inmate who is now represented by counsel, instituted this civil action pursuant to 42 U.S.C. § 1983. He alleges a claim of deliberate indifference to his serious medical needs, which allegedly violated his Eighth Amendment rights. The claims arise from an injury to the plaintiff's hand and the medical treatment prescribed, which will be more thoroughly discussed below. Due to the alleged delay of medical treatment for his injury, the plaintiff asserts that he has a deformed hand, and seeks money damages as relief.

Previously, the defendants, who were initially identified as Cecilia Janiszewski and Dr. John Doe, filed a motion to dismiss.

ECF No. 19. The then-pro se[1] plaintiff filed both a response in opposition, as well as a motion for summary judgment. ECF No. 22. United States Magistrate Judge James E. Seibert then entered a report and recommendation, finding that the plaintiff sufficiently stated a claim for deliberate indifference to his medical needs, and that qualified immunity did not apply to those defendants. As to defendant Dr. John Doe, the magistrate judge recommended that if the defendants did not waive the affirmative defense of failure to effectuate service, then the plaintiff should be given an additional thirty days to properly identify Dr. John Doe so that he could be properly served. The defendants filed objections to that report and recommendation.

This Court affirmed and adopted the magistrate judge's report and recommendation. ECF No. 37. Following that ruling, the plaintiff filed a motion file an amended complaint, which this Court granted. ECF Nos. 43 and 44, respectively. The amended complaint clarified the following: (1) identified defendant "John Doe" as Jerry Hahn, M.D.; and (2) identified James Spencer as an additional defendant. Defendants Jerry Hahn and Cecelia Janiszewski timely answered the amended complaint.

Defendants Jerry Hahn and Cecilia Janiszewski ("the defendants") have now filed a motion for summary judgment, which is

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

currently at issue. ECF No. 62. In that motion, the defendants claim that the plaintiff failed to submit any additional evidence to support his deliberate indifference claim. Next, the defendants argue that they are entitled to qualified immunity. Although this Court rejected that argument in its prior ruling, the defendants argue that because they did not violate the plaintiff's constitutional rights, qualified immunity should apply. For those reasons, the defendants request that this Court grant their motion.

In response, the plaintiff[2] first argues that the defendants were aware of his injuries. ECF No. 64. He points to his numerous complaints and grievances, which allegedly went unanswered. Id. at Ex. A. Next, the plaintiff argues that his medical condition was sufficiently serious. As to that medical condition, the plaintiff claims that the defendants were deliberately indifferent to his medical needs because they initially prescribed inadequate treatment before the plaintiff received his delayed surgeries.

Following the plaintiff's response, the defendants filed a motion to strike the plaintiff's response, or in the alternative, a reply. ECF No. 65. In that reply, the defendants first argue that the Court should strike the plaintiff's response in opposition as untimely. In particular, the defendants contend that the plaintiff filed his response 23 days after the defendants'

---

[2]Although the plaintiff initially proceeded pro se, it appears that he is now represented by counsel. ECF No. 61.

3

response, allegedly violating Local Rule of Civil Procedure 7.02(b). The defendants also believe that the plaintiff failed to meet his burden of proof under his deliberate indifference claim. For those reasons, the defendants request that this Court grant their motions to strike and for summary judgment.

The plaintiff then responded in opposition to the defendants' motion to strike. ECF No. 66. In that response, the plaintiff argues that Local Rule of General Procedure 5.06(g) extends the response deadline for motions for summary judgment by three days. Because of that, the plaintiff claims that he timely filed his response. Therefore, the plaintiff believes that the defendants' motion to strike should be denied.[3]

For the reasons set forth below, the defendants' motions to strike and for summary judgment must be denied. Further, the Clerk is directed to enter an entry of default as to defendant James Spencer.

## II. Facts

The plaintiff, after punching a wall in his cell, suffered a hand injury. In particular, the plaintiff broke the fifth metacarpal of his right hand. That injury occurred on August 24, 2012. ECF No. 64 Ex. 5. After the pain and swelling in his hand increased, the plaintiff immediately sought medical attention. He

---

[3]Further, it appears that defendant James Spencer has failed to plead or otherwise defend against the amended complaint served upon him. See ECF No. 50.

received an over-the-counter pain reliever and an ice pack, and then received x-rays the following day. Although the pain and swelling persisted in his hand, the plaintiff continued to only receive pain relievers and ice packs. Because that treatment failed to alleviate his pain, the plaintiff filed five grievances between the end of August and end of September requesting proper medical attention. Id. Those grievances allegedly went unanswered by the defendants. Id. Twenty-six days later, on November 7, 2012, the plaintiff finally underwent surgery for his broken hand, in which several pins were implanted.

Following that surgery, the plaintiff claims that his surgeon requested that the defendants return the plaintiff for a follow-up surgery in order to remove the pins implanted in his hand. That follow-up surgery was intended to occur within two to three weeks from the date of his initial surgery, which would have been by the end of November or December 2012. ECF No. 62 Ex. C. The record, however, shows that the pins were not removed until January 17, 2013. Further, the plaintiff allegedly submitted two more grievances, wherein he requested that he be taken to his surgeon in order to have the pins removed. ECF No. 64 Ex. A. Because of the delay in removing the pins, the plaintiff claims that he experienced great pain while the pins remained in his hand.

III. <u>Applicable Law</u>

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

However, as the Supreme Court of the United States noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial ." <u>Anderson</u>, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250; <u>see also</u> <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th

6

Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074, 112 S. Ct. 973, 117 L.Ed.2d 137 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

## IV. Discussion

The defendants argue that although the plaintiff suffered a medical condition that required treatment, insufficient evidence exists that proves they acted with deliberate indifference. In the alternative, they also believe that they are entitled to qualified

7

immunity.  The plaintiff contends that genuine issues of material fact exist about whether the defendants acted with deliberate indifference towards his medical needs.  As will be discussed below, this Court agrees that genuine issues of material fact exist as to the plaintiff's claims.

Before proceeding any further, this Court will first rule on the defendants' motion to strike.  The defendants claim that the plaintiff's response to their motion for summary judgment is untimely, and thus should be stricken.  Under both the Federal Rules of Civil Procedure and this Court's local rules, however, the plaintiff's response is timely.  See Fed. R. Civ. P. 6; L. R. Gen. P. 5.06(g).  Therefore, this Court will consider the plaintiff's response in making its ruling.  Thus, the defendants' motion to strike is denied.

In order to state a claim under the Eight Amendment for ineffective medical assistance, a plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A medical condition is serious in two circumstances.  First, a serious medical condition exists when a physician has diagnosed that condition as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care.  Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).  Second, a medical

8

condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious" and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Id. at 303. As to establishing deliberate indifference, the United States Court of Appeals for the Fourth Circuit held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Phrased another way, "[t]o be deliberately indifferent, the official must have 'actual knowledge of the risk of harm to the inmate' and also 'must have actually known that their response was inadequate to address those needs.'" Coleman v. Poff, 497 F. App'x 337, 339 (4th Cir. 2012) (quoting Iko v. Shreve, 535 F.3d 225, 241-42 (4th Cir. 2008) (emphasis omitted)).

9

Moreover, "the plaintiff must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; [and] (3) by conduct that is more than [gross] negligence." Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007) (quoting Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005) (internal citations omitted)). Those three elements are questions of fact. See Goebert, 510 F.3d at 1327.

Regarding the first prong of analysis, the plaintiff's injury was sufficiently serious. This is proven by the fact that the plaintiff's surgeon and defendant Jerry Hahn identified the need for treatment. ECF No. 63 Ex. B and C. Therefore, because the plaintiff's injury required treatment, which were two surgeries that required the implanting and the removal of metal pins, the condition is sufficiently serious. With the first prong of the deliberate indifference analysis satisfied, the remaining issue is whether the defendants acted with deliberate indifference to that serious medical condition.

As to that second prong, the facts and the evidence proffered by the parties do not resolve that remaining issue. The parties point out that delays may have occurred regarding both the initial surgery and the follow-up surgery to remove the metal pins. Indeed, the defendants concede that "there was some delay in [the plaintiff] returning for the scheduled pin removal from his hand." ECF No. 63. The causes and reasons for those delays, however,

remains disputed.  The defendants assert that regarding the initial surgery to implant the pins, the surgeon maintained a busy schedule.  Due to that busy schedule, the surgeon allegedly had no availability until 26 days after the injury occurred.  <u>Id.</u> Further, as to the delay in removing the pins, the defendants attribute that to "problems with the unavailability of transportation from the jail." <u>Id.</u>  The plaintiff, however, points to the many grievances that he filed in order to not only obtain the initial surgery, but also to be taken to the surgeon to have the pins removed.  ECF No. 64.  The defendants allegedly failed to respond to those grievances.  In addition to the grievances, the plaintiff contends that the care he did receive, which allegedly amounted to only ice packs and pain relievers, was well-below inadequate.  Such a level of inadequate treatment, according to the plaintiff, shows a deliberate and conscious disregard by the defendants of his medical condition.

The parties both proffer affidavits, copies of the grievances, and certain medical documentation in support of their arguments. After reviewing that evidence, however, it is clear that genuine issues of material fact exist.  Those pieces of evidence fail to definitely prove that the defendants did or did not act with deliberate indifference, which is a question of fact.  <u>See</u> <u>Goebert</u>, 510 F.3d at 1327 ("Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact . . . .

11

Disregard of the risk is also a question of fact that can be shown by standard methods.") (citing Farmer, 511 U.S. at 842, 846). More importantly, that issue of fact is clearly material to the plaintiff's claim of deliberate indifference to a serious medical need. Therefore, because genuine issues of material fact remain, the defendants' motion for summary judgment must be denied.

In their motion for summary judgment, the defendants also believe that they are entitled to qualified immunity. In particular, they assert that because the evidence "clearly show[s] that [the defendants] were not deliberately indifferent to any serious medical need," they did not violate a constitutional right. ECF No. 63. Thus, they contend that they are entitled to qualified immunity. Under Saucier v. Katz, 533 U.S. 194, 201 (2001), an analysis of a qualified immunity defense requires a two-part inquiry. The first question is whether the facts alleged, when viewed in the light most favorable to the injured party, "show the officer's conduct violated a constitutional right." Id. If the facts alleged fail to make this showing, the inquiry is at an end, and the official is entitled to summary judgment. Id. If, however, the facts alleged do show a constitutional injury, the second question is whether the constitutional right was clearly established at the time of the violation. Id. Accordingly, qualified immunity is abrogated only upon a showing that the officer's conduct violated a constitutional right and that such

right was clearly established at the time the conduct occurred. Id.; Hill, 737 F.3d at 321. To determine whether a right is "clearly established in a qualified immunity case, 'the contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'" Hill, 727 F.3d at 321 (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999)).

Here, the constitutional right at issue is the Eighth Amendment's prohibition against the unnecessary and wanton infliction of pain. That right includes a prohibition against the deliberate indifference by a prison official to a serious medical need of a prisoner. Estelle, 429 U.S. at 104. As determined earlier, however, whether the defendants acted with deliberate indifference, which would violate the plaintiff's Eighth Amendment rights, remains unproven. Therefore, contrary to what the defendants assert, it is uncertain whether the defendants were or were not deliberately indifferent to the plaintiff's serious medical need. As stated in Engle v. Townsley, 49 F.3d 1321, 1323 (8th Cir. 1995), "[n]ot every immunity question can be decided on summary judgment, however, for there may be disputed issues of material fact which prevent it." See Longoria v. Borg, 28 F.3d 106, *2 (9th Cir. 1994) (mem. op.); Arnott v. Mataya, 995 F.2d 121, 124 (8th Cir. 1993) (affirming the denial of summary judgment regarding qualified immunity where genuine issues of material fact

13

exist as to whether or not the defendant's conduct clearly violated established law); see generally Anderson v. Creighton, 483 U.S. 635, 641 (1987). The applicability of qualified immunity regarding the existence of a clearly established right is a question of law. Curley v. Klem, 499 F.3d 199, 224 (3d Cir. 2007); see Melton v. City of Okla. City, 879 F.2d 706, 727 (10th Cir. 1989) (citing Mitchell v. Forsyth, 472 U.S. 511, 528 (1985)). As to whether a constitutional violation was committed, however, that issue can be a jury issue, meaning an issue of fact. Curley, 499 F.3d at 224; see Champion v. Outlook Nashville, Inc., 380 F.3d 893, 900 (6th Cir. 2004); Turner v. Arkansas Ins. Dept., 297 F.3d 751, 754 (8th Cir. 2002); McCoy v. Hernandez, 203 F.3d 371, 376 (5th Cir. 2000); see also Willingham v. Crooke, 412 F.3d 553, 560 (4th Cir. 2005) ("Therefore, to the extent that a dispute of material fact precludes a conclusive ruling on qualified immunity at the summary judgment stage, the district court should submit factual questions to the jury and reserve for itself the legal question of whether the defendant is entitled to qualified immunity on the facts by the jury."). Based on the facts and law before it, this Court finds that the defendants are not entitled to qualified immunity because genuine issues of material fact exist as to whether the defendants violated the plaintiff's constitutional right.

V. Conclusion

For the reasons set forth above, the defendants' motion to strike the plaintiff's response (ECF No. 65) and motion for summary judgment (ECF No. 62) are DENIED.  It is hereby ORDERED that a status and scheduling conference shall be conducted regarding this civil action on **June 1, 2015 at 1:15 p.m.**  The parties are DIRECTED to appear by counsel in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, 1125 Chapline Street, Wheeling, West Virginia 26003.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 27, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE