IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAVEL HICKS,

    Plaintiff,

v.                                        Civil Action No. 5:13CV140
                                                      (STAMP)

CECELIA JANISZEWSKI,
Medical Administrator,
Northern Regional Jail,
JOHN DOE, Doctor,
Northern Regional Jail,
JERRY HAHN, M.D., Doctor
and JAMES SPENCER,
Jail Administrator,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFAULT JUDGMENT AS TO DEFENDANT JAMES SPENCER**

I. Background[1]

The plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 ("§ 1983"). He alleged claims of deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights. The claims arose from an injury to the plaintiff's hand and the medical treatment prescribed. Due to the alleged delay of medical treatment for his injury, the plaintiff asserted that he suffered injury to his hand. For relief, the plaintiff stated only that he "seeks money damages." ECF No. 45.

At issue now is the plaintiff's oral motion for default judgment against defendant James Spencer ("Spencer"). ECF No. 103.

---

[1] For a more thorough background of the facts of this civil action, see ECF No. 68.

Previously, defendant Spencer, who was first identified in the amended complaint, accepted service of the summons and complaint. ECF No. 50. Since then, however, defendant Spencer has yet to file an answer or responsive pleading, or make any appearance in this civil action. This Court ultimately entered default against defendant Spencer on May 19, 2015. ECF No. 69. Later, close to the date of trial, counsel for the plaintiff and counsel for remaining defendants Jerry Hahn ("Hahn") and Cecelia Janiszewski ("Janiszewski") filed a proposed order of dismissal with prejudice regarding the claims asserted against those two defendants. ECF No. 98. Those parties represented that the plaintiff, defendant Hahn, and defendant Janiszewski reached a settlement as to the claims against those defendants. At this time, the Court has no knowledge of the amount of the settlement. This Court conducted a status and scheduling conference, wherein it approved the order of dismissal. ECF No. 101. Thus, the plaintiff's claims against defendants Hahn and Janiszewski were dismissed with prejudice. ECF No. 100. Moreover, this Court converted the originally scheduled jury trial into a hearing on the plaintiff's oral motion for default judgment (ECF No. 103).

On August 18, 2015, this Court conducted a hearing on default judgment as to defendant James Spencer. Defendant Spencer did not appear at that hearing, and he has not filed an appearance on the record, despite earlier accepting service of the complaint and

2

summons. ECF No. 50. At that hearing, counsel for the plaintiff called the plaintiff as the only witness. In his testimony, the plaintiff described the pain and suffering associated with his injury. He rated his pain as a "six" or "seven" on a ten-point scale of pain, with ten representing the most amount of pain and one being the least amount of pain. Further, he described the treatment he received, pointing to the overall delay in treatment and the delay in response to his multiple grievances and complaints. See ECF No. 106, Exs. 1-6. Counsel for the plaintiff did not provide expert testimony as to the plaintiff's treatment and injury. As to any permanent injury or disfigurement, the plaintiff noted that his finger slightly "sticks out to the side," that he has a scar, and that his injured hand is "kind of swollen." Counsel for the plaintiff also provided copies of several grievances that the plaintiff filed throughout his experience. The plaintiff indicated that defendant Spencer, who allegedly was the jail administrator at that time, was aware of his grievances and requests.

Following the plaintiff's testimony, counsel for the plaintiff also tendered to this Court a memorandum regarding attorney's fees and costs in the matter. ECF No. 105. At the hearing, counsel for the plaintiff indicated that they had released defendants Hahn and Janiszewski from any obligation to pay attorney's fees.

For the reasons set forth below, the plaintiff's oral motion for a default judgment is GRANTED. The plaintiff's request for attorney's fees will be discussed in a separate order.

II. Applicable Law

Rule 55 of the Federal Rules of Civil Procedure governs both entries of default and default judgments. Pursuant to Rule 55(a), if a defendant does not answer a complaint or defend him or herself, then the clerk may find an entry of default. See Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a response answer, he is in default, and an entry of default may be made by either the clerk or the judge."). Of course, an "[e]ntry of default must precede an entry of default judgment." Virgin Records Am., Inc. v. Johnson, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006) (citing Hirsch v. Innovation Int'l, Civ. No. 91-4130, 1992 WL 316143, at *1 (S.D.N.Y. Oct. 19, 1992)). Once default is entered by the Clerk, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. If the plaintiff's claim is for "a sum certain" or a "sum that can be made certain by computation," the plaintiff may seek entry of default judgment from the Clerk under Rule 55(b)(1). However, in cases in which the plaintiff seeks a form of relief other than liquidated damages, Rule 55(b)(2) requires plaintiff to seek an entry of default judgment from the court. It is well-established in the United States Court of Appeals for the Fourth

Circuit that default judgments are to be granted sparingly. See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987). "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). However, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party." S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)).

It should be noted that a defaulting party admits the plaintiff's well-pleaded factual allegations in the complaint, in contrast to the allegations regarding damages. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). The party in default, however, is not held to admit conclusions of law. Id.

### III. Discussion

As stated earlier, this Court determined that defendant Spencer failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. Accordingly, this Court directed the Clerk to enter an entry of default on May 19, 2015. See ECF Nos. 68 and 69. Further, defendant Spencer has not filed an appearance or in any way responded in this civil action. At the hearing on the plaintiff's motion for default judgment, the plaintiff discussed the pain and suffering he experienced

throughout the process. However, the plaintiff provided insufficient evidence of the permanency of his injury, as well as any future damages associated with it. Regarding medical expenses, the plaintiff, as a state inmate, did not pay any expenses for the medical care he received. Moreover, the plaintiff did not provide the testimony of an expert witness. After reviewing the record and the parties' filings, and based on defendant Spencer's failure to respond or otherwise appear in this civil action, the plaintiff's oral motion for default judgment is granted. Accordingly, a default judgment is entered as to defendant Spencer in the amount of **$6,500.00** for compensatory damages.

## IV. Conclusion

For the reasons set forth above, the plaintiff's oral motion for default judgment (ECF No. 103) is GRANTED. Accordingly, the Clerk is directed to enter a judgment against defendant James Spencer in the amount of **Six Thousand Five Hundred and 00/100 Dollars ($6,500.00)**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 21, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE