IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAVEL HICKS,

    Plaintiff,

v.                                   Civil Action No. 5:13CV140
                                                (STAMP)

CECELIA JANISZEWSKI,
Medical Administrator,
Northern Regional Jail,
JOHN DOE, Doctor,
Northern Regional Jail,
JERRY HAHN, M.D., Doctor
and JAMES SPENCER,
Jail Administrator,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING COUNSEL FOR THE PLAINTIFF'S
REQUEST FOR ATTORNEY'S FEES AND COSTS**

I.   Background

On September 4, 2015, counsel for the plaintiff filed a request for attorney's fees and costs. ECF No. 111. Previously, this Court conducted a hearing regarding the plaintiff's motion for default judgment against defendant James Spencer ("Spencer"). At that hearing, counsel for the plaintiff tendered their request for attorney's fees and costs to the Court. Further, counsel for the plaintiff indicated that they released any obligation of defendants Jerry Hahn ("Hahn") and Cecelia Janiszewski ("Janiszewski") to pay attorney's fees. It should be noted that those two defendants obtained a settlement with the plaintiff to dismiss all the claims against them. ECF No. 100. Following the hearing, this Court

granted default judgment as to defendant Spencer. ECF No. 108. Counsel for the plaintiff initially sought attorney's fees and costs, amounting to $25,711.66, against defendant Spencer. ECF No. 105. This Court denied that prior request without prejudice, noting that counsel for the plaintiff did not sufficiently distinguish between what hours and fees were associated with litigating the claims solely against defendant Spencer and those that were associated with the other defendants. Because the plaintiff released defendants Hahn and Janiszewski from any obligation for attorney's fees and costs, it did not appear appropriate to require defendant Spencer to pay for the attorney's fees and costs that were solely or primarily incurred in litigating against the other defendants. Therefore, this Court denied counsel for the plaintiff's initial request for attorney's fees and costs but without prejudice to file an amended request for the same. ECF No. 109.

At issue now is counsel for the plaintiff's second request for attorney's fees and costs. ECF No. 111. In particular, counsel for the plaintiff seeks a total of $8,387.50 in attorney's fees and costs. That amount represents $3,512.50 for Robert McCoid and $4,875.00 for Paul J. Harris, which are the attorney's fees and costs related to litigating this civil action as to defendant Spencer. Counsel for the plaintiff supports their request with affidavits and exhibits that provide their hourly billing rate and

specific descriptions of activities related to defendant Spencer. Based on those supporting documents, counsel for the plaintiff seeks $8,387.50.00 in attorney's fees and costs. No other party filed a response.

For the reasons set forth, counsel for the plaintiff's request is GRANTED.

II. Applicable Law

Under 42 U.S.C. § 1988 ("§ 1988"), a court may, within its discretion, award the prevailing party in a civil rights action reasonable attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424 (1983); Hill v. Longini, 767 F.2d 332, 334 (7th Cir. 1985). A key point worth emphasizing is that "the district court has the discretion in determining the amount of a fee award," or if any amount should be awarded. Eckerhart, 461 U.S. at 437. A plaintiff is a "prevailing party" if he or she succeeds "on any significant issue in litigation which achieves some of the benefit of the part[y] sought in bringing the suit." Id. at 433. Stated more narrowly, "'[l]iability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against the defendant.'" Talley v. District of Columbia, 433 F. Supp. 2d 5, 7-8 (D.D.C. 2006) (quoting Farrar v. Hobby, 506 U.S. 103, 109 (1992)). "'[T]he amount of attorney's fees they receive [prevailing plaintiffs] should be based on the

work performed on the issues in which they were successful.'" Lenard v. Argento, 699 F.2d 874, 899 (7th Cir. 1983) (quoting Nadeau v. Helgemoe*,* 581 F.2d 275, 279 (1st Cir. 1978)). As the Supreme Court of the United States stated in Hobby, "fee awards under § 1988 were never intended to produce windfalls to attorneys." 506 U.S. at 115 (internal citations and quotations omitted).

### III. Discussion

Counsel for the plaintiff seeks attorney's fees and costs from defendant Spencer. It should be noted that counsel for the plaintiff confirmed that no obligations for attorney's fees and costs existed as to defendants Hahn and Janiszewski. However, unlike their previous request, counsel for the plaintiff specifically provides what portion of their representation was attributable to litigating against defendant Spencer. More specifically, counsel for the plaintiff describes what actions were taken and billed as they relate to defendant Spencer, as well as costs and fees incurred as they relate to the same.

In Eckerhart, the Supreme Court of the United States set forth factors that should be assessed when determining whether a court should award attorney's fees and costs under § 1988, and if so, how much. In order to recovery attorney's fees and costs under § 1988, a party must be a prevailing party. 461 U.S. at 433. A prevailing party in the § 1988 context means that the party "'succeed[ed] on

4

any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Id. (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). The plaintiff "must obtain an enforceable judgment against the defendant from whom fees are sought." Hobby, 506 U.S. at 111 (internal citation omitted). Nonetheless, "[w]hatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement," and only then "can civil rights litigation effect the material alteration of the legal relationship of the parties, and thereby transform the plaintiff into a prevailing party." Id. (internal citations and quotations omitted). Such a determination is a "generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" Eckerhart, 461 U.S. at 433. In this case, the plaintiff should be considered a prevailing party against defendant Spencer. The plaintiff obtained a default judgment against defendant Spencer amounting to $6,500.00 in compensatory damages. ECF No. 108. Because the plaintiff is entitled to enforce that judgment, a "material alteration of the legal relationship" between the plaintiff and defendant Spencer has occurred. San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System, 568 F.3d 725 (9th Cir. 2009). By obtaining an enforceable judgment against defendant Spencer, the

plaintiff has clearly succeeded against defendant Spencer, and thus the plaintiff is a prevailing party for § 1988 purposes.

After determining that the plaintiff is a prevailing party, this Court must next consider what fee is reasonable. The Court in Eckerhart stated that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433. The party requesting an award of attorney's fees and costs "should submit evidence supporting the hours worked and rates claimed." Id. Here, counsel for the plaintiff presents their customary hourly billing rate multiplied by the specific hours expended in litigating against defendant Spencer. This is proven by affidavits and invoices attached to their request. Such evidence demonstrates an objectively reasonable request for attorney's fees and costs.

However, that determination "does not end the inquiry." Id. at 434. This Court must next consider the results obtained by the plaintiff. If a plaintiff obtained "excellent results," then his or her attorney "should recover a fully compensatory fee." Id. If a plaintiff obtained "only partial or limited success," the court may reduce the requested fees to the extent the fees may be considered excessive. Id. In this case, the plaintiff obtained a default judgment against defendant Spencer regarding his claims for pain and suffering caused by that defendant. ECF No. 108. This

Court ultimately entered a default judgment against defendant Spencer for $6,500.00 for compensatory damages.  Id.  Based on what the plaintiff sought to recover and the resulting judgment in his favor, the plaintiff obtained "excellent results" for § 1988 purposes.  Therefore, counsel for the plaintiff's request for $8,387.50 in attorney's fees and costs is warranted.  Based on the evidence before it, this Court finds that the request for attorney's fees and costs is reasonable, and thus, counsel for the plaintiff's request is GRANTED.

## IV.  Conclusion

For the reasons set forth above, counsel for the plaintiff's second request for attorney's fees and costs (ECF No. 111) is GRANTED.  It is ORDERED that defendant, James Spencer, shall pay the plaintiff's attorneys fees and costs in the total amount of $8,387.50, which represents $3,512.50 for Robert McCoid and $4,875.00 for Paul J. Harris in attorney's fees and costs.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 15, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE